# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GARTH E. STABLEY,               )
                                )
        Plaintiff,          )   Case No.: 2:11-cv-00635-GMN-RJJ
  vs.                           )
                                )   **ORDER**
BANK OF AMERICA, et al.,        )
                                )
        Defendants.         )
                                )

      Plaintiff Garth E. Stabley ("Plaintiff") has filed a Motion for a Temporary Restraining Order (ECF No. 2), in which he seeks a restraining order against Defendants "Country Wide, Bank of America, Recontrust, BAC and all of their subsidiaries." (Mot., ECF No. 2.)  Plaintiff's Motion does not explain what he wishes to enjoin Defendants from doing or not doing.  No certificate of service has been attached to the Motion.

      This motion will be denied, as Plaintiff's Motion for a Temporary Restraining Order (ECF No. 2) is defective under the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).  Here, Plaintiff's Motion fails under Rule 65(b)(1)(B) because Plaintiff does not certify in writing any attempts to give notice to Defendants, nor does he set forth the reasons why notice should not be required.  These

defects are fatal to the Motion regardless of the fact that Plaintiff is a self-represented litigant. *See Samson v. One West Bank*, No. C 10-4827 PJH, 2010 WL 4724237, at *2 (N.D. Cal. Nov. 15, 2010) (applying the requirement that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" to a *pro se* litigant); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Further, even if Plaintiff had argued that no notice should be required, the Court does not find that the circumstances warrant a TRO being issued without notice to Defendants. As this appears to be a wrongful foreclosure case and Plaintiff has made no showing that notice to Defendants would somehow render ineffective the further prosecution of this case, Defendants should be able to present their evidence in favor of the legality of this foreclosure before an injunction is imposed. Although *ex parte* TROs may be granted in a narrow range of instances "where the adverse party is unknown or because a known party cannot be located in time for a hearing" or where "notice to the defendant would render fruitless the further prosecution of the action," *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006), this is not one of those circumstances.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED**.

DATED this 17th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge