UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARTH E. STABLEY, | Case No.: 2:11-cv-00635-GMN-RJJ |
| Plaintiff, | **ORDER** |
| vs. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

      This is a civil suit filed by Plaintiff Garth Stabley against Defendants Bank of America, N.A.; Countrywide Financial Corp. d/b/a BAC Home Loans Servicing; Countrywide Home Loans, Inc.; ReconTrust Co., N.A.; and CTC Real Estate Services (collectively "Defendants"). Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 3) and Defendants' Motion to Dismiss (ECF No. 6).

**I.   BACKGROUND**

      Plaintiff filed suit on April 22, 2011, and also filed a motion/application for leave to proceed in forma pauperis. (ECF No. 1.)  On June 3, 2011, the Magistrate Judge ordered Plaintiff to pay the filing fee by July 6, 2011.  (ECF No. 15.)  Plaintiff requested an extension of time to pay the filing fee, which was granted, and Plaintiff paid his filing fee on July 28, 2011. (ECF Nos. 17, 18, 19.)

      Plaintiff's Complaint was filed using a handwritten fill-in-the-blank form provided to prisoners who wish to file a civil rights complaint. (*See* Complaint, ECF No. 1-1.)  Plaintiff's Complaint states three Counts upon which his suit is based: "COUNT I – Fraud, Deception and Concealment; COUNT II – Predatory Lending, Civil Rights and Constitutional Rights; COUNT III – Fair Housing Complaint, HUD Complaint, Securitization Contaminated and Prejudice Due

to age and Income being prayed [sic] upon." (Complaint, 1:¶1, ECF No. 1-1.)  Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.   DISCUSSION**

In his Complaint, Plaintiff alleges as background that "the mortgage lien alleged to exist against his particular property is null and void *ab initio*" and that through Defendants' deception

Plaintiff was induced to enter into mortgages "from March 2007 to present w/ Countrywide – B of A." (Complaint, 3:¶1, ECF No. 1-1.)  Plaintiff also alleges that Defendants breached his "constitutionally and statutorily protected rights of privacy" and that their "continuing tortious conduct intended to deprive Plaintiff of his rights and remedies." (*Id*.)  Plaintiff continues, alleging "a massive fraud perpetrated upon Plaintiff and other borrowers by Countrywide Defendants that devastated the values of their residences, in most cases resulting in Plaintiffs' loss of all or substantially of their net worth!" (*Id*.)  Plaintiff further alleges that "Countrywide founder & CEO Angelo Mozilo Systems created false & inflated property appraisals to obtain mortgages later to pool them together then selling them to the highest bidder therefore resulting in the Plaintiff losing his equity in his home allowing his credit rating to plummet, destroying credit, his credit ratings and histories damaging & destroying permanently incurring material other costs and expenses on all causes of action for such other & further relief as this Court may deem just & proper." (*Id*.)

**Count I.  "Fraud, Deception and Concealment"**

Under Count I, Plaintiff alleges that he "didn't fully understand [his] loan in it's original form and neither did the person selling [him] the loan representing Countrywide." (*Id*. at 4.) Plaintiff alleges that the person selling him the loan "tried to rush [Plaintiff] through it as an auctioneer would an auction sale and talked like one as well and [Plaintiff kept] stopping him to have him explain it but never got the information [he] should have received." (*Id*.)  Plaintiff states that if he had gotten the information he "would of never signed it, but [the person selling the loan] keep telling [Plaintiff] this was as new to him as it was to [Plaintiff]." (*Id*.)  Plaintiff states that at that point he "was starting to question the legality of [variable Adjustable-Rate Mortgages ("ARMs")] as well, at which point [the person selling the loan] said if [Plaintiff] didn't sign that day [Plaintiff] would lose the house [Plaintiff] was closing on that [Plaintiff] wanted to buy, so [Plaintiff] signed, since they were granting [Plaintiff] the loan…" (*Id*.)

Plaintiff alleges that "they insisted that if [he] didn't go through them Countrywide we would lose their supposedly wonderful package deal, that they practically forced down my throat." (*Id.*) Plaintiff alleges that he "was subjected to bait and switch tactics" and that his "opening offer of 5.75% turned into over 6% at signing!" (*Id.*)

A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1023 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). Here, Plaintiff's fraud claims fail to allege with particularity the time, place and substance of the fraud, including details as to Defendants' wrongful acts, the identities of those involved and when they occurred.

**Count II.  "Predatory Lending, Civil Rights and Constitutional Rights"**

Under Count II, Plaintiff alleges that his "modification has been a repeat of Count I." (*Id.* at 5.) Despite the heading of Count Two, and the form on which the Complaint was filed, Plaintiff does not appear to allege any constitutional or civil rights violations. Instead, Plaintiff appears to allege violations relating to a HAMP ("Home Affordable Modification Program") modification. Plaintiff's description includes statements that "while [Plaintiff] was in the hospital [Bank of America] sent [Plaintiff] a modification, one in which [Plaintiff] didn't agree to in the first place" and also that "[Bank of America] ended up denying [Plaintiff] a HAMP modification…stating that [Plaintiff] didn't qualify since [Plaintiff] failed to make the three months trial payments." (*Id.*) Plaintiff alleges that a modification was "supposedly sent certified mail" and that "six months ago they did the same thing again, after to talking to [Bank of

1  America] on the phone and not coming to an agreement they sent me another modification not
2  based on my current income." (*Id.*)  Plaintiff alleges that "it appears that they are setting me up
3  for failure, as I was with my original loan with Countrywide." (*Id.*)

4        As pointed out by Defendants, there is no private right of action under HAMP. *See Simon*
5  *v. Bank of America, N.A.*, No. 2:10-CV-00300-GMN-LRL, 2010 WL 2609436, at *7 (D. Nev.
6  June 23, 2010).  To the extent that Plaintiff is alleging any other violation relating to a loan
7  modification, Plaintiff fails to sufficiently state any legal claim or facts supporting a claim.

8        **Count III.  "Fair Housing Complaint, HUD Complaint, Securitization Contaminated**
9  **and Prejudice Due to age and Income being prayed upon"**

10        Under Count III, Plaintiff begins by stating that "this brings me to dual tracking…never
11  allowed a hardship affidavit or principle forbearance under HAMP guidelines along with several
12  other violations!" (*Id.* at 6.)  Plaintiff alleges that "every one to date that I have spoken to around
13  the country including Senators Dodd, Reid & Ensign of Nevada from Washington D.C. who have
14  intervened and helping with 2 of the 5 stays to date all have said that I have been victimized by
15  their Countrywide – B of A & subsidiaries illegal practices and fraud!" (*Id.*)  Plaintiff continues
16  to state that "75 to 80 billion of our tax payers dollars that was earmarked for loan modification
17  to date hasn't been used the way it was appropriated by the government intended it to be used
18  which was modifying the American Peoples Loans on their homes!" (*Id.*)  Plaintiff then alleges
19  that "Countrywide – B of A has committed racketeering, embezzlement, fraud, theft, obstruction
20  of justice and have invested my mortgage and millions of others into the stock market without
21  granting myself and other a return, and they can't produce a note legally stating that they own my
22  mortgage!!!" (*Id.*)  Plaintiff concludes by stating, "I'm sure after tomorrows news has ended I'll
23  have more to add then!!!!" (*Id.*)

24        As noted by Defendants, Plaintiff's allegations in this count are so vague and conclusory
25  as to fail to provide adequate notice to Defendants of the claims against which they must defend.

Liberally construing Plaintiff's statements, Plaintiff appears to attempt to allege claims invoking the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, and the U.S. Dept. of Housing and Urban Development ("HUD"). Plaintiff also throws out the terms "racketeering, embezzlement, fraud, theft, obstruction of justice" and "securitization," while also mentioning non-production of the loan note. To the extent that Plaintiff is stating any legal claims in Count III, Plaintiff does not appear to allege any facts in support of these claims.

For the reasons discussed above, and even liberally construing Plaintiff's Complaint due to his pro se status, and construing all material allegations in the light most favorable to the Plaintiff, Plaintiff's Complaint does not give Defendants fair notice of legally cognizable claims and the grounds on which the claims rest. The facts alleged by Plaintiff do not show that a violation is plausible instead of merely possible, and his allegations are mostly conclusory, unwarranted deductions of fact, or unreasonable inferences. Therefore, the Court will grant Defendants' Motion to Dismiss, without prejudice. Although it is not clear whether amendment would be futile, the Court does not find any undue delay, bad faith, or dilatory motive on the part of Plaintiff, nor undue prejudice to Defendants should amendment be permitted. In addition to requirements discussed above, any amendment must clearly state each legal claim, which Defendant is subject to that claim, and detailed factual support for the elements of the claims alleged.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**, **without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an Amended Complaint consistent with this opinion, he must do so **by Friday, February 3, 2012**; otherwise, the case will be closed.

DATED this 11th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge