# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GARTH E. STABLEY,              )<br>                               )<br>           Plaintiff,           )<br>                               )<br>vs.                            )<br>                               )<br>BANK OF AMERICA, N.A., *et al.*,)<br>                               )<br>           Defendants.         )<br>_____) | Case No. 2:11-cv-00635-GMN-CWH<br><br>**ORDER AND FINDINGS<br>AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion for Default Judgment (#29), filed on November 27, 2013. The Court also considered Defendants' Response (#31), filed on November 29, 2013. In addition, this matter is also before the Court on Plaintiff's Motion to Strike Defendants' Response #31 (#34), filed on December 12, 2013. The Court also considered Plaintiff's Request for Judicial Notice re #34 Motion to Strike (#36), filed on December 16, 2013 and Defendants' Response (#38), filed on December 30, 2013.

## BACKGROUND

This is a civil suit filed on April 22, 2011 in which Plaintiff alleges that Defendants participated in fraud, deception, concealment, and predatory lending practices, among other actions. *See* Complaint #1-1. On May 9, 2011, Defendants first appeared by filing a Response (#4) to Plaintiff's Motion for Temporary Restraining Order (#2) and Motion for Preliminary Injunction (#3). In addition, Defendants filed a Motion to Dismiss (#6) on May 13, 2011. On January 11, 2012, the Court granted in part and denied in part, without prejudice, Defendants' Motion to Dismiss (#6) and granted Plaintiff until February 3, 2012 to file an amended complaint. *See* Order #22. On February 3, 2012, Plaintiff filed an Amended Complaint (#24). This matter was referred to the undersigned on Plaintiff's Motion for Default Judgment (#29) filed on November 27, 2013. Defendants filed a Motion to Dismiss Amended Complaint #24 (#30) on November 29, 2013. In

addition to requesting that default judgment be entered against Defendants, Plaintiff also asks the Court to take judicial notice and strike Defendants' Response (#31).  In response, Defendants contend that there are several procedural defects in Plaintiff's Motion for Default Judgment (#29) and given that they have filed a Motion to Dismiss (#30), request that the Court decide this action on its merits.

## DISCUSSION

### I.   Motion for Default Judgment (#29)

As a preliminary matter, the Court notes that Plaintiff is proceeding *pro se*.  "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

#### A.   Legal Standard

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).  The choice of whether to enter a default judgment lies within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir.1980).  The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Eitel*, 782 F.2d at 1471–72.

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint.  *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986); s*ee also* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied.").  However, a

"defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (cited in *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. Cal. 2007)). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2688, at 63 (3d ed. 1998)). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. *Pope v. U.S.*, 323 U.S. 1, 12 (1944). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. Fed. R. Civ. P. 55(b).

### B. Rule 55(a) Entry of Default Analysis

Generally, to avoid default, a defendant must serve an answer within twenty (20) days of being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a). Plaintiff filed his Amended Complaint (#24) on February 3, 2012 and a Certificate of Service (#25) on February 6, 2012. Defendants filed a Notice of Change of Attorney (#26) on June 27, 2012 and Notice of Firm Name Change (#28) on November 21, 2013. In addition, Defendants do not argue that they were not served with Plaintiff's Amended Complaint (#24). Accordingly, Defendants' Motion to Dismiss (#30), which was filed on November 29, 2013, only after Plaintiff filed the instant Motion for Default Judgment (#29), is untimely.

Plaintiff contends that this delay by Defendants constitutes sufficient failure to defend, and therefore, default judgment is warranted. In response, Defendants provide no explanation for the

3

1  lengthy delay.  Instead, they contend that entry of default is not warranted because Plaintiff failed to
2  submit an affidavit in support of his motion and he requests default judgment without first
3  obtaining an entry of default.  Rule 55(a) requires that Defendants' failure to defend be shown "by
4  affidavit or otherwise."  The Court notes that Plaintiff did not submit an affidavit that Defendants
5  have failed to plead or otherwise defend.  Nevertheless, the Court has carefully reviewed the
6  docket, Defendants' Response (#31), and Plaintiff's Motion to Strike (#34) that contains an
7  Affidavit, which provide sufficient proof that Defendants filed the Motion to Dismiss (#30) 662
8  days after Plaintiff submitted proof of service.  Additionally, Defendants only filed a Motion to
9  Dismiss (#30) after Plaintiff filed a Motion for Default Judgment (#29).

Although the Court finds that Defendants unreasonably delayed this action and have failed to provide sufficient justification for the delay, the Court will not recommend that default judgment be entered against them.[1]  Plaintiff failed to move for an entry of default against Defendants prior to filing this motion for default judgment.[2]  Accordingly, the first step to obtaining a default judgment, a clerk's entry of default, has not been completed.  Even if the Court were to liberally construe Plaintiff's Motion for Default Judgment (#29) as a motion for entry of default, the Court finds that it would not promote the public's interest in expeditious resolution of litigation because default judgment is not warranted.  Therefore, in the interest of Federal Rule of Civil Procedure's directive to "secure the just, speedy, and inexpensive determination of every action and proceeding," the Court will not recommend that the Clerk of the Court enter default against Defendants.

**C.    Rule 55(b) Entry of Default Judgment Analysis**

Despite the procedural deficiencies, if the Court were to recommend that the Clerk enter default, then the Court would consider the factors outlined by the Ninth Circuit in determining whether default judgment is warranted.  *See Eitel*, 782 F.2d at 1471–72.  Here, the Court finds that

---

[1] Defendants actions may subject them to an order to show cause why sanctions should not be imposed for unreasonably delaying this action.

[2] The Court notes that Plaintiff requests that the Clerk of the Court enter default in his Motion to Strike (#34), which was filed after his Motion for Default Judgment (#29) and supplements his Motion with an Affidavit.

1  at least the following factors weigh against granting default judgment: the merits of the claims, the
2  sufficiency of the complaint, the amount of money at stake, and the policy favoring a decision on
3  the merits.  Defendants have filed a Motion to Dismiss (#30) that may dispose of this action, a prior
4  Motion to Dismiss (#6) was partially granted for similar reasons, and this is not a case where
5  Defendants have made no appearance.  Therefore, the Court will exercise its discretion to
6  recommend that Plaintiff's request for a default judgment be denied.
7         Additionally, Plaintiff requests default judgment as a discovery sanction under Federal Rule
8  of Civil Procedure 37.  Plaintiff fails to allege a discovery abuse by Defendants that warrant such a
9  severe sanction.  Additionally, Local Rule 26-1 and Federal Rule of Civil Procedure 26(f) requires
10 Plaintiff to initiate a scheduling conference within 30 days after the first defendant answered or
11 otherwise appeared and submit a proposed discovery plan and scheduling order to the Court within
12 14 days after the conference.  The Court notes that a stipulated proposed discovery plan and
13 scheduling order has not be filed.  As a result, the parties appear to have informally stayed
14 discovery without court approval.  The parties are reminded that no stipulations are effective until
15 approved by the Court, and that "[a]ny stipulation that would interfere with any time set for
16 completion of discovery, for hearing of a motion, or for trial, may be made only with the approval
17 of the Court."  *See* Local Rule 7-1(b).  Accordingly, the Court will order the parties to submit a
18 stipulated proposed discovery plan and scheduling order within 14 days.

19 **II.    Motion to Strike (#34)**

20        Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an
21 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Ninth
22 Circuit has noted that "[u]nder the express language of the rule, only pleadings are subject to
23 motions to strike."  *Sidney-Veinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (noting
24 that striking a motion to reconsider fails to comply with the policy of Rule 12(f) to avoid litigating
25 spurious issues).  The Court notes that "[f]ederal courts generally disfavor motions to strike."
26 *Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010) (citation
27 omitted); *see also Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300
28 (D. Nev. 2003) *aff'd in part*, 130 F. App'x 153 (9th Cir. 2005) (denying severe measure of striking

answer as unwarranted); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D. Cal.1996) (motions to strike "are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.")

Here, Plaintiff requests that the Court strike Defendants' Response (#31) to his Motion for Default Judgment (#29). However, he has failed to cite any authority that gives the Court the power to strike a response brief and the Court does not know of any such authority. Moreover, Plaintiff's Motion to Strike (#34) appears to be a reply to Defendants' Response (#31) as he provides additional arguments to support his Motion for Default Judgment (#29). In addition, he requests that the Court take judicial notice of the docket. *See* Request for Judicial Notice #36. The Court has considered Plaintiff's arguments and the docket for this case in its analysis on whether default judgment is warranted. Defendants' Response (#38) to Plaintiff's Motion to Strike (#34) fails to directly respond to the issue of striking and instead reiterates the arguments made in their earlier Response (#31) and requests that the Court decide this case on its merits. Nevertheless, the Court finds that Plaintiff has failed to provide sufficient points and authority and will not recommend striking Defendants' Response (#31).

Based on the foregoing and good cause appearing therefore,

## ORDER

**IT IS HEREBY ORDERED** that the parties shall file a proposed stipulated discovery plan and scheduling order by **February 7, 2014**.

**IT IS FURTHER ORDERED** that the parties shall submit the proposed stipulated discovery plan and scheduling order in compliance with the provisions of LR 26-1 and LR 26-4 of the Local Rules of Practice for the United States District Court for the District of Nevada.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (#29) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Strike Defendants' Response #31 (#34) be **denied**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of January, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**