# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARTH E. STABLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:11-cv-00635-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| BANK OF AMERICA, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a *pro se* civil action filed by Garth E. Stabley ("Plaintiff") against Bank of America, N.A. ("BOA"), BAC Home Loans Servicing, LP (incorrectly sued as "Countrywide Financial Corp., a Delaware Corp. dba BAC Home Loans Servicing"), Countrywide Home Loans, Inc., ReconTrust Company N.A., and CTC Real Estate Services (collectively "Defendants"). (Amend. Complaint, ECF No. 28.) Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on November 29, 2013. (ECF No. 30.) Plaintiff failed to submit a timely response in opposition to Defendants' motion, which pursuant to Local Rule 7-2(d) allows this Court to consider Plaintiff's silence as constituting consent to grant the motion. D. Nev. R. 7-2(d). Plaintiff, however, eventually filed his Opposition to Defendants' Motion to Dismiss on January 13, 2014. (ECF No. 40.) In light of the fact that Plaintiff is proceeding *pro se* in this litigation, the Court will consider Plaintiff's Response and rule on the merits of Defendants' Motion to Dismiss.

For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 30.)

## I.   BACKGROUND

On April 22, 2011, Plaintiff filed his original Complaint. (ECF No. 1-1.) This Complaint was filed using a handwritten fill-in-the-blank form provided to prisoners who wish

to file a civil rights complaint and stated three counts on which Plaintiff's suit was based: "COUNT I – Fraud, Deception and Concealment; COUNT II – Predatory Lending, Civil Rights and Constitutional Rights; COUNT III – Fair Housing Complaint, HUD Complaint, Securitization Contaminated and Prejudice Due to age and Income being prayed [sic] upon." (Complaint ¶ 1, ECF No. 1-1.)  On May 13, 2011, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 6.)  After determining that Plaintiff's Complaint failed to give Defendants fair notice of a legally cognizable claim or allege sufficient facts to show that a violation was plausible instead of merely possible, this Court granted Defendants' Motion to Dismiss without prejudice and gave Plaintiff leave to file an amended complaint. (Order, ECF No. 22.)

Plaintiff filed his Amended Complaint on February 3, 2013. (Amend. Complaint, ECF No. 24.)  Liberally construing this second inartfully pled complaint, Plaintiff appears to be asserting the same original three counts for (1) "Fraud, Deception and Concealment," (2) "Predatory Lending, Civil Rights and Constitutional Rights," and (3) "Fair Housing Complaint, HUD Complaint, Securitization Contaminated and Prejudice Due to age and Income being prayed [sic] upon," along with five new counts for (4) "Violation of the Real Estate Settlement Procedures Act (RESPA)," (5) "Breach of Contract – Promissory Note," (6) "Intentional Misrepresentation," (7) violations of the "Fair Debt Collection Practices Act (FDCPA), and (8) "Violations of Racketeer Influenced and Corrupt Organizations Act (RICO)." (*Id.* ¶¶ 21-82.) Defendants subsequently filed their Motion to Dismiss Amended Complaint on November 29, 2013. (ECF No. 30.)

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss

under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff alleges as background in his Amended Complaint that a representative from BOA informed him that he was eligible for a loan modification, but instead of providing him information about the loan, the representative "forced him into a scheme of operation so horribly dysfunctional that the constant barrage of misinformation, misdirection, and deliberate inactivity amounted to abuse and harassment." (Amend. Complaint, ¶ 11, ECF No. 24.)  He also alleges that as he tried to obtain information he was "spun [into] a labyrinth of transfers," blocked from speaking to supervisors, and generally subject to a "pattern and practice by [Defendants] of deception and deliberately misinforming borrowers about default." (*Id.* ¶¶ 12-15.)  Plaintiff further alleges that as a result of Defendants' actions, he suffered distress causing "severe mental disorders and physical handicaps" that required hospitalization and led to his divorce and an inability to pay his mortgage. (*Id.* ¶¶ 12-20.)

### A.  Count I: "Fraud, Deception and Concealment"

Under the heading for this Count, Plaintiff appears to have copied and pasted a number of Nevada statues and excerpts from cases relating to foreclosure fraud without any explanation of how these citations may relate to a claim for fraud, deception, or concealment against

Defendants. *See* (*Id.* ¶¶ 70-72.)  As Plaintiff fails to give Defendants fair notice of a legally cognizable claim or the grounds on which it rests, this count is dismissed.

## B. Count II: "Predatory Lending, Civil Rights and Constitutional Rights"

Under the heading for this Count, Plaintiff appears to have copied and pasted unrelated complaints or internet postings alleging tortious conduct on the part of Defendants as support for his claim.  (Amend. Complaint, ¶¶ 73-74, ECF No. 24.)  The only allegation under this count which actually refers to alleged misconduct on the part of Defendants toward Plaintiff is that the "'Civil Rights' and Constitutional Rights of the Plaintiff were grossly violated [by] senior loan officer Mr. Jason Schaaf [on] 3/5/2007 [because] Mr. Schaaf dece[ived Plaintiff by] telling Plaintiff that the only loan he qualified for was the [one] he signed [which was] not only false but very misleading." (*Id.* ¶ 74.)  Plaintiff, however, fails to state how this alleged statement was false or a violation of his civil or constitutional rights and he fails to even state which of his civil or constitutional rights have been violated.  Plaintiff therefore has failed to give Defendants fair notice of a legally cognizable claim or the grounds on which it rests, and this count is dismissed.

## C. Count III: "Fair Housing Complaint, HUD Complaint, Securitization Contaminated and Prejudice Due to age and Income being prayed [sic] upon"

Under the heading for this Count, Plaintiff again appears to have copied and pasted various unrelated postings from the internet to support his claim. (Amend. Complaint, ¶¶ 75-82, ECF No. 24.)  To the extent Plaintiff alleges a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, he bases his claim on "prejudice [] because of age discrimination." (*Id.* ¶ 75.)  However, age is not a protected class under the FHA. *See* 42 U.S.C. § 3605(a) ("It shall be unlawful … to discriminate against any person … because of race, color, religion, sex, handicap, familial status, or national origin.").  Therefore, Plaintiff's claim under the FHA for age discrimination fails.

Furthermore, Plaintiff's vague allegations that the securitization of his loan was illegal and that Defendants' failure to produce the note renders the note void has already been rejected by this Court. (Order, ECF No. 22.); *see also Duenas v. Bank of Am.*, 2:13-CV-00354-GMN, 2014 WL 258203, at *4 (D. Nev. Jan. 23, 2014) ("Plaintiff's underlying argument that the securitization and pooling of his mortgage altered his debt or that the assignment of beneficiary interest somehow terminated Defendants' rights under the Deed of Trust has been routinely rejected by this Court.").

Finally, Plaintiff's confusing allegations that his house was built on "land that had been contaminated" fails to state how this contamination was caused by Defendants or gives rise to any liability on the part of Defendants. (Amend. Complaint, ¶¶ 75-82, ECF No. 24.)  Therefore, under this Count, Plaintiff has failed to give Defendants fair notice of any legally cognizable claim or the grounds on which it rests, and this count is dismissed.

### D. Count IV: "Violation of the Real Estate Settlement Procedures Act (RESPA)"

Plaintiff alleges that Defendants violated RESPA by failing to properly respond to his "qualified written request" ("QWR") for a loan modification, which is required under 12 U.S.C. § 2605(e), and by failing to send him a notice of transfer of loan, which is required under 12 U.S.C. § 2605(c). (Amend. Complaint, ¶¶ 21-29, ECF No. 24.)  However, even if Plaintiff's email[1] to Defendants constituted a QWR under the statute and Defendants failed to properly respond to the QWR or to provide notice of a transfer, Plaintiff's claim must still fail.  Under 12 U.S.C. § 2605(f), an individual borrower may seek damages of "an amount equal to the sum of (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance…." 12 U.S.C. § 2605(f)(1).  Here, Plaintiff has failed to allege any actual damages or a pattern or

---

[1] Neither Plaintiff nor Defendants have included in their filings a copy of the email sent by Plaintiff to Defendants on April 24, 2011 that the Plaintiff alleges constituted a QWR under 12 U.S.C. § 2605(e).

practice of RESPA violations by Defendants. *See* (Amend. Complaint, ¶¶ 21-29, ECF No. 24.) Alleging a breach of RESPA duties alone without also alleging that the breach resulted in pecuniary loss does not state a claim under RESPA. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("Under RESPA, a borrower may not recover actual damages for nonpecuniary losses."); *Moon v. Countrywide Home Loans, Inc.*, 309CV00298ECRVPC, 2010 WL 522753, at *5 (D. Nev. Feb. 9, 2010) ("Plaintiff must have also suffered pecuniary loss to support a RESPA violation."). Therefore, this count is dismissed.

### E. Count V: "Breach of Contract – Promissory Note"

Plaintiff alleges that Defendants breached the terms of the Promissory Note by violating regulations promulgated by the Secretary of Housing and Urban Development. (Amend. Complaint, ¶¶ 30-35, ECF No. 24.) However, these HUD regulations do not apply to Plaintiff's Promissory Note, and even if they did, the regulations do not create a private right of action against Defendants. *See* (Deed of Trust, Ex. B to Mot. to Dismiss, ECF No. 30); *Weatherford v. Nevada Rural Hous. Auth.*, 946 F. Supp. 2d 1101, 1111 (D. Nev. 2013) (citing to "several circuits that have … found that there is no private right of action to enforce HUD regulations."); *McHatten v. Chase Home Fin. LLC*, CV03-1094-PCT, 2010 WL 3882587, at *6 (D. Ariz. Sept. 29, 2010) ("HUD regulations promulgated under the National Housing Act do not provide a claim to the mortgagor for duty owed or for the mortgagee's failure to follow the regulations."). Therefore, this count is dismissed.

### F. Count VI: "Intentional Misrepresentation"

To state a claim for intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A

claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

Plaintiff's vague and conclusory allegations that Defendants "made false statements about what he owed" and "misrepresented the loan modification" and "supplied false information" to him do not include any allegations of the time, place, or specific content of the alleged false representations. (Amend. Complaint, ¶¶ 36-47, ECF No. 24.)  These allegations are insufficient to assert a claim for intentional misrepresentation. *See Swartz*, 476 F.3d at 764. Therefore, this count is dismissed.

## G.  Count VII: "Fair Debt Collection Practices Act (FDCPA)"

Plaintiff alleges that Defendants have violated the FDCPA in their attempts to collect "erroneous amounts" owed by Plaintiff to Defendants under his mortgage. (Amend. Complaint, ¶¶ 48-51, ECF No. 24.)  However, "the activity of foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) *aff'd*, 384 F. App'x 609 (9th Cir. 2010) (citing *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002)). Therefore, Plaintiff's claim under the FDCPA must fail, and this count is dismissed.

## H.  Count VIII: "Violations of Racketeer Influenced and Corrupt Organizations Act (RICO)"

Under the heading of a count for "Violations of Racketeer Influenced and Corrupt Organizations Act (RICO)," Plaintiff appears to have copied and pasted a number of Nevada

and federal statues along with some confusing allegations against BOA filed in other unrelated suits. *See* (*Id.* ¶¶ 52-67.)  Plaintiff's allegations in this count are devoid of any facts that would show a predicate act for a RICO claim under 18 U.S.C. § 1961 against Defendants. (*Id.*); *see* 18 U.S.C. § 1961(1) (defining the types of "racketeering activit[ies]" that give rise to a RICO claim).  As Plaintiff fails to give Defendants fair notice of a legally cognizable claim or the grounds on which it rests, this count is dismissed.

### I. Leave to Amend

Generally, if the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Here, granting Plaintiff additional time to amend his Complaint would be futile and cause undue delay and prejudice to Defendants by further prolonging this suit.  Plaintiff's first complaint was dismissed without prejudice for failing to state a claim upon which relief could be granted. (Order, ECF No. 22.)  Despite adding an additional five counts, Plaintiff's Amended Complaint has also failed to state a claim upon which relief could be granted.  Plaintiff's inability to correct the deficiencies from his original complaint in his Amended Complaint indicates that allowing further amendment would be futile.  Allowing Plaintiff additional time to amend his Complaint again would serve no purpose but to prejudice Defendants.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 30) is

**GRANTED**.  All of Plaintiff's claims are dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this ___22___ day of July, 2014.

_____

Gloria M. Navarro, Chief Judge
United States District Judge